IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WARNER MUSIC GROUP CORP., *et al*,<br><br>*Plaintiffs,*<br><br>v.<br><br>MEGAUPLOAD LIMITED, *et al.*,<br><br>*Defendants.* | No. 1:14CV374<br>(LO / IDD) |

**MEMORANDUM OF LAW IN RESPONSE TO**
**MEGAUPLOAD LIMITED'S MOTION FOR A STAY**

Plaintiffs Warner Music Group Corp., UMG Recordings, Inc., Sony Music Entertainment, and Capitol Records, LLC (together, "Plaintiffs") conditionally oppose Defendant Megaupload Limited's ("Megaupload's") request for a time-limited stay pending the resolution of *United States v. Kim Dotcom, et al.* No. 1:12-cr-0003-LO (E.D. Va., filed Jan. 5, 2012) (the "Criminal Action").  Should the Court grant the stay motion, it should expressly exempt from the stay (1) the Plaintiffs' efforts to effect service on Megaupload and the other Defendants in this action as necessary; (2) the Plaintiffs' right to amend the Complaint once as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; and (3) the Plaintiffs' rights to take any action in the United States or in any foreign jurisdiction to preserve Defendants' assets, which are at risk of being dissipated in light of Defendants' recent efforts to lift certain foreign asset freeze orders.

These exemptions sought by the Plaintiffs from the requested stay are carefully circumscribed so as to "avoid burdening the Fifth Amendment rights of the individual

defendants," which is Megaupload's sole stated basis for seeking a stay. Megaupload Memorandum ("Megaupload Mem.") 4. (The Plaintiffs do not concede either that Megaupload has standing to seek a stay of this action with regard to the other defendants or that a stay is necessary to protect any Fifth Amendment rights any Defendant may have.) The Plaintiffs respectfully request that a stay include these express exemptions to preserve certain of the Plaintiffs' procedural and substantive rights, which might otherwise be prejudiced.

## BACKGROUND

The Plaintiffs filed this action on April 10, 2014, pleading claims of direct and secondary copyright infringement against each of the Defendants. As set forth in the Complaint, until the megaupload.com and related websites were shut down in 2012, the Defendants operated a business dedicated to the massive commercial exploitation and infringement of Plaintiffs' copyrighted movies and television shows. *See* Compl., Dkt. No. 1, ¶¶ 29-35.

As both the superseding indictment in the Criminal Action and the Complaint in this case make clear, Defendants' infringing business was extraordinarily successful. Megaupload's websites were enormously popular, and the Defendants profited handsomely from the massive infringement that took place on those sites and related services. Through their infringement-driven enterprise, the Defendants enriched themselves by over $175 million. Compl. ¶ 6. These profits came at the expense of copyright holders, like the Plaintiffs, whose copyrights the Defendants repeatedly and willfully infringed. As a result, in this civil suit, the Plaintiffs seek an award of either (1) their actual damages and Defendants' profits from the vast infringement of Plaintiffs' copyrights, or (2) the maximum statutory damages permitted by law, as well as attorneys' fees. *Id.* at pp. 22-23; 17 U.S.C. §§ 504(b)-(c), 505.

As this Court is aware, the conduct providing the basis for many of the Plaintiffs' allegations against the Defendants in this case is also the basis for the Criminal Action and two other civil actions currently pending in this Court: *Microhits, Inc. v. Megaupload, Ltd.*, No. 1:12cv327-LO (E.D. Va., filed Mar. 21, 2012) (the "*Microhits* Action"), and *Twentieth Century Fox Film Corporation v. Megaupload, Ltd.*, No. 1:14cv362-LO (E.D. Va., filed Apr. 7, 2014) (the "*Twentieth Century Fox* Action"). The *Microhits* Action has been stayed pending the Criminal Action, subject to certain conditions, and Megaupload is currently seeking a stay in the *Twentieth Century Fox* Action on the same basis as in this action. *Twentieth Century Fox* Action, Dkt. No. 20 (May 10, 2014). Megaupload has set both of its stay motions for hearing at 10:00 a.m. on June 6, 2014.

On April 8, 2014, counsel for the plaintiffs in the *Twentieth Century Fox* Action contacted defense counsel requesting that they accept service of the Complaint on behalf of all Defendants. Declaration of Thomas G. Hentoff ("Hentoff Decl.") ¶ 3.[1] On April 15, 2014, counsel for the Plaintiffs here contacted counsel for Defendants and made the same request. *Id.* ¶ 4. Defense counsel responded by stating that Megaupload would consider accepting service if the Plaintiffs would agree to the same stay that this Court entered in the *Microhits* Action. *Id.* ¶ 5. Counsel for the Plaintiffs here, counsel for the plaintiffs in the *Twentieth Century Fox* Action, and defense counsel then entered into negotiations regarding whether the plaintiffs in both actions would agree to a stay of proceedings—with certain limitations—in exchange for Defendants' acceptance or waiver of service of the complaints. *Id.* During those negotiations,

---

[1] Counsel of record appear to represent all the Defendants in this action. Hentoff Decl. ¶ 2. Counsel have entered their appearance on behalf of Defendants Megaupload and Dotcom (Dkt. Nos. 13 (May 5, 2014) and 23 (May 22, 2014), and have signed waivers of service forms as the attorneys for Defendants Ortmann and van der Kolk, Hentoff Decl. ¶ 7. The only remaining Defendant, Vestor Limited, is wholly owned and controlled by Defendant Dotcom. Compl. ¶ 19 (Dkt. No. 1).

3

the Plaintiffs made clear that they would agree to a stay only if the Defendants would accept or waive service of process, and only if the stay would not affect the Plaintiffs' rights to amend their complaint under Rule 15(a) of the Federal Rules of Civil Procedure and their rights to take any actions to prevent the Defendants from dissipating their assets. *Id.* Defense counsel would not agree to these limitations on the scope of the stay. *Id.*

Accordingly, on May 1, 2014, Plaintiffs' counsel informed defense counsel that the Plaintiffs would proceed to serve the Defendants directly and took several steps to do so. Hentoff Decl. ¶ 5. On May 22, 2014, counsel for Megaupload and Dotcom informed the Plaintiffs that Defendants Dotcom, Ortmann, and van der Kolk (together, the "Individual Defendants") now would waive service of the summonses under Fed. R. Civ. P. 4(d). Counsel provided electronic copies (but not yet the originals) of the signed waivers. Hentoff Decl. ¶ 7.[2] Although defense counsel has acknowledged the receipt of waiver of service requests directed to Defendants Megaupload and Vestor Limited (together, the "Corporate Defendants"), the Corporate Defendants have not yet agreed to waive service and defense counsel has thus far declined to inform Plaintiffs' counsel whether they will agree to do so. While the Plaintiffs' efforts to serve all of the Defendants were ongoing, Defendant Megaupload filed the instant motion to stay further proceedings, seeking a stay on the same terms as in the *Microhits* Action.

Notably, this Court's decision to grant a "limited" stay in the *Microhits* Action was premised in significant part on the fact that "Defendants' assets have also been frozen worldwide," and thus "[a] delay in a potential finding of liability is unlikely to effectively prejudice the Plaintiffs' ability to recover." Exhibit A to Mem. at 2 (*Microhits* Action Order denying Plaintiffs' Motion for Reconsideration (June 15, 2012)). Since 2012, Defendants' assets

---

[2] The Plaintiffs will file the original waivers of service with the Court once received.

have been frozen pursuant to orders issued by this Court in the Criminal Action, which have been registered by the competent legal authorities in New Zealand and Hong Kong. Hentoff Decl. ¶ 9. The New Zealand government recently applied to extend the asset freeze in place in that country, but that application was opposed by Dotcom and other Defendants. On April 16, 2014, the New Zealand High Court declined to exercise its discretion to extend the registration of this Court's restraining orders. *Id.* ¶ 10. That ruling is currently on appeal to the New Zealand Court of Appeal, and the Defendants' assets remain frozen pending the resolution of the appeal. *Id.* If the New Zealand government loses the appeal, the assets will be unfrozen, and there is a significant risk that they will then be immediately dissipated. It is the Plaintiffs' understanding that the plaintiffs in the *Twentieth Century Fox* Action have initiated civil proceedings in New Zealand to freeze Defendants' assets pending a judgment in that action. *Id* ¶ 11.

The Defendants have or have had sophisticated global business interests, and accordingly they have the ability to move assets offshore quickly and immediately. Correspondence among the Defendants described in the United States' Summary of Evidence in the Criminal Action further indicates that the Defendants are likely to immediately dissipate any assets that are unfrozen. Hentoff Decl. ¶ 13 (Summary of Evidence ¶¶ 103(i), 134(f)).

In addition to opposing extension of the asset freeze in New Zealand, the Defendants are also seeking to unfreeze their assets in Hong Kong, which have also been frozen pursuant to this Court's restraining orders issued in the Criminal Action. The Defendants recently filed a court action in Hong Kong against the Hong Kong Department of Justice seeking to unfreeze their assets. Hentoff Decl. ¶ 12. A hearing on the Defendants' application is currently scheduled for July 10, 2014. If the Defendants are successful in their efforts to unfreeze their assets in Hong Kong, there is a significant risk that those assets will be dissipated in very short order. The

Plaintiffs are monitoring developments in New Zealand and Hong Kong and assessing whether they may need to take legal action there to further preserve the Defendants' assets. *Id.* Thus, without legal action by the Plaintiffs in New Zealand and Hong Kong, it is possible that the Defendants' assets will be unfrozen and subject to dissipation during a stay of this action.

**ARGUMENT**

The Plaintiffs conditionally oppose Defendant Megaupload's motion for a limited stay in this action on terms similar to the stay in the *Microhits* Action. Should the Court grant the motion, it should expressly exempt from the stay (1) the Plaintiffs' efforts to effect service on Megaupload and the other Defendants in this action as necessary; (2) the Plaintiffs' right to amend the Complaint once as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; and (3) the Plaintiffs' rights to take any action in the United States or in any foreign jurisdiction to preserve the Defendants' assets, which are at risk of being dissipated in light of Defendants' recent efforts to lift certain foreign asset freeze orders.[3]

This Court has the power to stay a pending action to ensure the "economy of time and effort for itself, for counsel, and for litigants." *Hawley v. Johnson & Johnson*, 2011 U.S. Dist. LEXIS 155282, at *2 (E.D. Va. Apr. 29, 2011) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). To determine whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255.

Here, Defendant Megaupload seeks a stay on behalf of all Defendants to "avoid burdening the Fifth Amendment rights of the individual defendants." Megaupload Mem. at 4.[4]

---

[3] Because of what appears to be a typographical error, the proposed Order submitted by Megaupload refers to its stay motion as a "consent motion." As explained in this Memorandum, Plaintiffs do not consent to Megaupload's request.

[4] As noted above, the Plaintiffs do not concede that a stay is necessary to protect any Fifth Amendment rights any Defendant may have.

None of the limitations that the Plaintiffs seek would burden Defendants' asserted Fifth Amendment rights in any way. In light of the burdens that a stay would impose on the Plaintiffs by impeding their speedy prosecution of this action, the Plaintiffs' proposed limitations on the stay, should the Court grant Megaupload's motion, are reasonable and carefully circumscribed, and are aimed at preserving Plaintiffs' rights and minimizing the costs of a stay.

*First*, the Plaintiffs ask that the Court expressly permit the Plaintiffs to continue in their efforts to serve the Corporate Defendants during the pendency of any stay. As noted above, the Plaintiffs have negotiated with defense counsel regarding acceptance of service—successfully, so far, only with regard to the Individual Defendants—and are continuing to attempt service on the Corporate Defendants directly. The Corporate Defendants have stated that they have not yet decided whether or not to waive service, and Megaupload's stay motion expressly seeks to preserve the defense of insufficient service of process. Megaupload Mem. at 2, n.2. Allowing the Plaintiffs to continue to try to serve the Corporate Defendants would not prejudice the Defendants' asserted Fifth Amendment rights in any way, because the Plaintiffs' efforts to effect service would not require the Defendants to address the merits of the Plaintiffs' allegations.

*Second*, the Plaintiffs request that any stay not prohibit them from filing an amended complaint once as of right under Rule 15(a) of the Federal Rules of Civil Procedure. Allowing the Plaintiffs to amend their Complaint during the stay will not prejudice the Defendants, because Defendants' obligation to answer or move to dismiss will be tolled by the stay and they will not have to take any action in response, much less any action that could implicate any asserted Fifth Amendment rights.

*Third*, the Plaintiffs request that the Court expressly exempt from the scope of any stay Plaintiffs' right to take any action anywhere in the world to preserve or freeze Defendants'

assets.[5] As described above, the Defendants are currently engaged in efforts in New Zealand and Hong Kong to unfreeze their assets. The Plaintiffs are concerned that if a stay order in this case does not expressly permit them to seek to preserve Defendants' assets, the Defendants may attempt to argue that a stay in this case prohibits the Plaintiffs from seeking to preserve from dissipation Defendants' assets in foreign jurisdictions.

Any limitation, implied or otherwise, on the Plaintiffs' ability to prevent the dissipation of Defendants' assets would significantly harm the interests of the Plaintiffs without serving either Defendant Megaupload's stated purpose for the requested stay or judicial economy. The stay in the *Microhits* Action is premised in part on the fact that the Defendants' worldwide assets remain frozen. Given the Defendants' current efforts to unfreeze those assets and the attendant risk of the dissipation of those assets, a carve-out from a stay order expressly allowing the Plaintiffs to seek to preserve those assets is both reasonable and necessary.

## CONCLUSION

For the reasons set forth above, the Plaintiffs conditionally oppose the requested stay. Should the Court grant the motion, its stay order should be expressly limited so as not to prohibit Plaintiffs from continuing to seek to effect service, amending their complaint once as of right under Rule 15(a) of the Federal Rules of Civil Procedure, or taking any actions necessary to preserve the Defendants' worldwide assets. If the Court does not impose these conditions, the

---

[5] While the Plaintiffs are not currently seeking a restraining order in this Court to preserve assets, Plaintiffs expressly reserve their right to do so if circumstances so require.

Plaintiffs respectfully request the Court to permit them to file papers opposing the issuance of any stay of this action.

Dated: May 27, 2014

Respectfully submitted,

/s/ Eric C. Wiener

Thomas G. Hentoff (*pro hac vice*)
Eric C. Wiener, VA Bar Number 79206
Gabriel A. Cohen (*pro hac vice*)
Nicholas G. Gamse (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)
thentoff@wc.com
ewiener@wc.com
gcohen@wc.com
ngamse@wc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2014, I filed the foregoing Memorandum of Law in Response to Megaupload Limited's Motion for a Stay with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Craig Crandall Reilly
Law Office of Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
craig.reilly@ccreillylaw.com

*Counsel for Megaupload Limited and Kim Dotcom*

Eric C. Wiener
VA Bar Number 79206
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000
(202) 434-5029 (facsimile)
ewiener@wc.com