# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| WARNER MUSIC GROUP CORP., *et al*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MEGAUPLOAD LIMITED, *et al.*, <br><br> *Defendants.* | No. 1:14CV374 <br> (LO / IDD) |

**DECLARATION OF THOMAS G. HENTOFF IN SUPPORT OF PLAINTIFFS'**
**RESPONSE TO MEGAUPLOAD LIMITED'S MOTION FOR A STAY**

I, Thomas G. Hentoff, hereby declare:

1.      I am a partner with the law firm of Williams & Connolly LLP, counsel for the plaintiffs in this action, Warner Music Group Corp., UMG Recordings, Inc., Sony Music Entertainment, and Capitol Records, LLC ("Plaintiffs").  I am over 18 years of age.  I submit this declaration in support of Plaintiffs' response to Megaupload Limited's ("Megaupload's") motion for a stay.  This declaration is based on my personal knowledge except where specifically otherwise stated.

2.      The defendants in this action are Megaupload Limited, Vestor Limited, Kim Dotcom, Mathias Ortmann, and Bram van der Kolk ("Defendants").  Counsel of record appear to represent all of the Defendants in this action.  Counsel have entered their appearance on behalf of Defendants Megaupload and Dotcom, Dkt. Nos. 13 (May 5, 2014) and 23 (May 22, 2014), and have signed waiver of service forms as the attorneys for Defendants Ortmann and van der Kolk,

*see* ¶ 7, *infra*. The only remaining Defendant, Vestor Limited, is wholly owned and controlled by Defendant Dotcom. *See* Compl. ¶ 19 (Dkt. No. 1).

3. It is my understanding that on April 8, 2014, counsel for the plaintiffs in *Twentieth Century Fox Film Corporation v. Megaupload, Ltd.*, No. 1:14cv362-LO (E.D. Va., filed Apr. 7, 2014) (the "*Twentieth Century Fox* Action"), communicated with defense counsel asking whether they would accept service of the complaint in that action on behalf of all the Defendants.

4. The Plaintiffs initiated this action on April 10, 2014. By letter emailed on April 15, 2014, Plaintiffs' counsel requested that defense counsel accept service, or waive service, on behalf of all the Defendants, specifically asking: "If I should direct this request instead to a different attorney for any of the defendants, I would be grateful if you would let me know and supply his or her contact information." Attached as Exhibit 1 is a true and correct copy of this letter.

5. Defense counsel responded by asking the Plaintiffs to agree to a stay of the lawsuit similar to the stay that this Court entered in *Microhits, Inc. v. Megaupload, Ltd.*, No. 1:12cv327-LO (E.D. Va., filed Mar. 21, 2012) (the "*Microhits* Action"), and later indicated that Defendants would consider accepting or waiving service if a stay were agreed to. Attached as Exhibit 2 is a true and correct copy of an April 15, 2014 email from defense counsel to Plaintiffs' counsel. Counsel for the Plaintiffs in this action and the plaintiffs in the *Twentieth Century Fox* Action then discussed with defense counsel the terms of a possible agreed stay. The Plaintiffs conditioned any agreement to a stay on the Defendants accepting or waiving service and the preservation of Plaintiffs' rights to take any action necessary to preserve Defendants' assets and to file an amended complaint as a matter of course under Rule 15(a) of the Federal Rules of Civil

Procedure. Defense counsel indicated that they were "optimistic" that they could obtain the agreement of all Defendants to accept or waive service in exchange for a stay, but they would not agree to the limitations that the Plaintiffs sought with respect to the scope of the stay. After the parties failed to come to an agreement, Plaintiffs' counsel on May 1, 2014 informed defense counsel that Plaintiffs would continue their efforts to serve the Defendants. Attached as Exhibit 3 is a true and correct copy of email correspondence between counsel reflecting these discussions.

6. The Plaintiffs subsequently took additional steps to effect service, including: sending formal waiver of service forms to Defendants' counsel in New Zealand; sending summonses by international registered mail to Defendants Dotcom, Ortmann, and van der Kolk (the "Individual Defendants"); and obtaining from the Clerk of this Court alias summonses with corrected addresses for Defendants Megaupload and Vestor Limited (the "Corporate Defendants") for service to be effected in Hong Kong.

7. On May 22, 2014, defense counsel informed the Plaintiffs via email that the individual Defendants, Kim Dotcom, Mathias Ortmann, and Bram van der Kolk (together, "Individual Defendants") were waiving service of the summonses. Copies of signed waivers were attached to that email, but the Plaintiffs have not yet received the originals of those waivers. Attached as Exhibit 4 are true and correct copies of the email and the copies of the signed waiver forms.

8. After receiving notice of the Individual Defendants' waivers of service, Plaintiffs' counsel asked defense counsel whether Defendants Megaupload and Vestor Limited (together, "Corporate Defendants") will also waive service. Defense counsel acknowledged that waiver forms directed to the Corporate Defendants had been received by Defendants' counsel in New

Zealand, but stated that "[t]he time period for return of such waiver forms has not elapsed and if and when counsel obtains authorization to effectuate and return such forms on behalf of the respective corporate defendants we will advise you." Attached as Exhibit 5 is a true and correct copy of this email correspondence.

9. Defendants' assets have been frozen pursuant to orders issued by this Court in *United States v. Kim Dotcom, et al.* No. 1:12-cr-0003-LO (E.D. Va., filed Jan. 5, 2012) (the "Criminal Action"), which have been registered by the competent legal authorities in New Zealand and Hong Kong. Attached as Exhibit 6 is a true and correct copy of an April 16, 2014 New Zealand High Court Order (explaining the procedural history of the New Zealand Court's "registration order" that froze the New Zealand assets). Attached as Exhibit 7 is a true and correct copy of an article, "Kim Dotcom going to court to unfreeze his assets," *South China Morning Post*, (Apr. 27, 2014) (explaining history of the freeze of Hong Kong's assets and Defendants' challenge to same).

10. The New Zealand government recently sought to extend the asset freeze. The application was opposed by Kim Dotcom and other Defendants. On April 16, 2014, the New Zealand High Court declined to exercise its discretion to extend the registration of this Court's restraining orders. *See* Exhibit 6. This ruling is currently on appeal to the New Zealand Court of Appeal, and Defendants' assets remain frozen pending the appeal.

11. It is my understanding that the plaintiffs in the *Twentieth Century Fox* Action have initiated civil proceedings in New Zealand to freeze Defendants' assets pending a judgment in their action. It is my understanding that the litigation was initiated on May 27, 2014.

12. It is also my understanding that in addition to opposing extension of the asset freeze in New Zealand, the Defendants are also seeking to unfreeze their assets in Hong Kong,

which have also been frozen pursuant to this Court's restraining orders issued in the Criminal Action. The Defendants have recently filed a court action in Hong Kong against the Hong Kong Department of Justice seeking to unfreeze their assets. A hearing on the Defendants' application is currently scheduled for July 10, 2014. Attached as Exhibit 8 is a true and correct copy of the Hong Kong High Court Docket Entry setting a July 10, 2014 hearing date. The Plaintiffs are monitoring developments in New Zealand and Hong Kong and assessing whether they may need to take legal action in those jurisdictions to preserve the Defendants' assets.

13. Attached as Exhibit 9 is a true and correct copy of an excerpt from the 191-page summary of evidence released on December 20, 2013 by the United States in the Criminal Action pursuant to this Court's November 22, 2013 Order. The full document may be found on the U.S. Department of Justice website at http://www.justice.gov/usao/vae/victimwitness/mega_files/Mega%20Evidence.pdf (last visited May 27, 2014).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2014 at Washington, D.C.

_____
Thomas G. Hentoff