UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| | ) | |
| WARNER MUSIC GROUP CORP., *et al.* | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | No. 1:14cv374 |
| | ) | (LO / IDD) |
| MEGAUPLOAD LIMITED, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF
MOTION OF DEFENDANT MEGAUPLOAD LTD.
FOR A STAY PENDING A PARALLEL CRIMINAL PROSECUTION**

In this civil action, Defendants are being sued for copyright infringement by Plaintiffs, who allegedly hold the copyrights to certain works.[1]  Defendant Megaupload has moved for a continuation of the stay of this action pending a parallel criminal action also filed in this Court. *United States v. Kim Dotcom, et al.*, No. 1:12-cr-00003-LO (E.D. Va. filed Jan. 5, 2012) ("*Criminal Action*").  The *Criminal Action* is still pending.  Based on Megaupload's motion, the Court entered a stay of this case until August 1, 2014, on certain terms and conditions (Dkt. No. 27).[2]  Megaupload respectfully submits that the stay should be continued to April 1, 2015.

---

[1]   The defendants in this civil action are Megaupload Ltd. ("Megaupload"), Vestor Limited ("Vestor"), Kim Dotcom ("Dotcom"), Mathias Ortmann ("Ortmann"), and Bram van der Kolk ("van der Kolk"), all of whom are foreign nationals.

[2]   Megaupload and others also have been sued in two other civil actions now pending in this Court.  *Microhits, Inc. v. Megaupload, Ltd.*, No. 1:12cv327-LO/IDD (E.D. Va. filed Mar. 21, 2012) ("*Microhits Action*"); *Twentieth Century Fox Film Corp. v. Megaupload, Ltd.*, No. 1:14cv362-LO/IDD (E.D. Va. filed Apr. 7, 2014) ("*Twentieth Century Action*").  Those related cases also have been stayed until August 1, 2014.

**STATEMENT OF MATERIAL PROCEEDINGS**

Megaupload incorporates its recitation of the proceedings from the brief it filed initially seeking a stay (Dkt. No. 13).   In addition, there are two pending court proceedings in New Zealand that Defendant Megaupload respectfully submits should be considered by the Court in connection with this motion to continue the stay until April 1, 2015:

*Appeal Concerning Search Warrants:*   The Supreme Court of New Zealand granted an appeal to Dotcom, Ortmann, van der Kolk, and others, in their proceeding challenging certain search warrants executed in New Zealand pursuant at the request of the United States in connection with the *Criminal Action*.   In June 2012, the High Court in New Zealand (a trial-level tribunal) declared that the search warrants were invalid.   In February 2014, however, the Court of Appeal quashed the High Court's declaration.   Dotcom, Ortmann, and van der Kolk then petitioned to the Supreme Court of New Zealand, which granted leave to appeal on May 5, 2014. *Dotcom & Ors. v. Attorney-General*, [2014] NZSC 52 [May 5, 2014].   That appeal is currently scheduled for oral argument in late August 2014.

*Extradition Proceedings:*   The extradition hearing for Dotcom, Ortmann, van der Kolk, and others has been continued to February 16, 2015. *In re Proceedings to Extradite Kim Dotcom and Others*, [2014] District Court at North Shore [July 4, 2014].   Those proceedings were continued to permit the "responding parties" (*i.e.*, Dotcom, *et al.*) to gain access to encrypted electronic evidence held by the "applicant" (*i.e.*, the United States).   Whether (and if so, when) the individual Defendants may be extradited, therefore, remains uncertain.

In light of those proceedings, Megaupload respectfully submits that the Court should continue the stay in this case until April 1, 2015, on the same terms and conditions. Megaupload, however, does not waive any defense or procedural protections, including but not

limited to defenses of insufficient service of process, lack of personal jurisdiction, and improper venue, nor does Megaupload waive the right to request additional time to file and serve a response under Rule 12 if this motion is denied or when any stay entered in this action expires or is lifted.

## ARGUMENT

A federal court has discretion to stay a civil case pending the resolution of a parallel criminal proceeding. *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *accord AvalonBay Communities, Inc. v. San Jose Water Conservation Corp.*, No. 1:07cv306 (GBL), 2007 U.S. Dist. LEXIS 63773, *3-4 (E.D. Va. Aug. 27, 2007) (discretion); *In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557-58 (E.D. Va. 1995) (same). In exercising that discretion, judges of this Court generally apply the balancing test stated in *Landis v. North American Co.*, 299 U.S. 248 (1936). *See AvalonBay*, *supra*, at *3-4; *Burns v. Anderson*, 1:02cv1326 (JCC), 2006 U.S. Dist. LEXIS 59150, *9-10 (E.D. Va. Aug. 22, 2006) (applying *Landis*); *Phillips*, 896 F. Supp. at 558 (applying *Landis*). Under the *Landis* test, the Court has inherent, discretionary power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and "to coordinate the business of the court efficiently and sensibly," provided that such relief does not cause hardship to any party. *Landis*, 299 U.S. at 254-55. Exercising this discretion, the Court has ruled that a stay was warranted in this civil case and the related civil cases. Defendants respectfully submit that the stay should be continued.

Under the *Landis* balancing test, certain equities still weigh "strongly in favor of staying this action until the applicability of Fifth Amendment protection becomes more certain" (*Microhits Action*, Dkt. No. 36, *Order* at 2). Despite the passage of time and the extended timetable for the extradition proceedings in New Zealand, the essential equities have not changed

since May 30, 2012.  The individual Defendants still face extradition, and therefore still have an interest in preserving the Fifth Amendment rights that arise from the prosecution of the *Criminal Action* in an Article III court in the United States.   Accordingly, Megaupload respectfully submits that the equities still weigh "strongly in favor" of the stay.

No countervailing hardship or prejudice to Plaintiffs will result from continuing the stay. As the Court previously recognized, Defendants' operations have been completely shut down, halting all alleged infringing activity (*Microhits Action*, Dkt. No. 36, *Order* at 2).   Moreover, Defendants' assets have been seized, subject to forfeiture to the United States, eclipsing Plaintiffs' potential right to reach those assets as judgment creditors should they prevail in the civil action (*Id.*).   Continuing the stay, therefore, will not result in hardship or prejudice to Plaintiffs.

Finally, as a practical matter, conducting fundamental discovery in the civil cases is not feasible.  Relevant evidence that is electronically stored on servers, which would be needed to defend the civil cases, is not reasonably accessible.  As a result of the *Criminal Action*, the Megaupload cloud-storage servers have been taken offline and are housed in a locked third-party warehouse in Virginia.  The Department of Justice has opposed Megaupload's efforts to gain access to those servers and data.  Standard civil e-discovery protocols would typically include accessing and "mirroring" the original servers so that the resultant copies may used to analyze the data contained therein.  At present, that cannot be done.

On balance, then, the equities still weigh strongly in favor of staying this civil action.

- 5 -

## CONCLUSION

For the reasons stated above, Defendant Megaupload Ltd. respectfully requests that the Court enter the attached proposed order staying this action until April 1, 2015.

Dated:  July 18, 2014

Respectfully submitted,

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com

Ira P. Rothken (*pro hac vice* pending)
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

*Counsel for Defendant Megaupload, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2014, the foregoing was filed and served electronically by

the Court's CM/ECF system upon all registered users:

Thomas G. Hentoff
Eric C. Wiener
Gabriel A. Cohen
Nicholas G. Gamse
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, DC 20005
*Counsel for Plaintiffs*


/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com
*Counsel for Defendant Megaupload, Ltd.*